**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
LEDWIN CASTRO,

                      Petitioner,

    -against-

CHARLES SAMUEL, JR.,

                      Respondent.
---------------------------------------------------------X
JEREMY PINSON,

                      Plaintiffs,

    -against-

UNITED STATES OF AMERICA,

                      Defendant.
---------------------------------------------------------X

**ORDER**
14-CV-3678 (ADS)

14–CV–4931 (ADS)(ARL)

**APPEARANCES:**

**Ledwin Castro, pro se**
68721-053
Big Sandy
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 2068
Inez, KY 11224

**Jeremy Pinson, pro se**
16267-064
U.S. Penitentiary Max
P.O. Box 8500
Florence, CO 81226

**NO APPEARANCES:**

Charles Samuel, Jr.
United States of America

**SPATT, District Judge.**

On June 5, 2014, a petition under 28 U.S.C. § 2255 for writ of habeas corpus was filed on behalf of Ledwin Castro ("Castro") in Case No. 14-CV-3678. Castro has been convicted of conspiracy to commit assault with a dangerous weapon, 18 U.S.C. § 1958(a)(6); assault with a dangerous weapon, 18 U.S.C. § 1959(a)(3); and the use of a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1), in connection with a number of shootings that occurred on June 18, 2003. He is currently serving a sixty year sentence at a federal prison in Kentucky.

The petition claimed that "Jeremy Pinson and Mikeal Stine were present or involved in the June 18, 2003 shootings of Ricardo Ramirez, Doug Sorto and Carlton Alexander. Pinson, a violent gangster, had cooperated since 2002 on and office [sic] with the FBI and U.S. Attorney. The Dept. of Justice never informed the Petitioner [Castro] these individuals hadnt [sic] been charged in the shooting and withheld exculpatory evidence from Petitioner's counsel." (14-CV-3678, Dkt. No. 1.)

However, while the petition appeared to be signed by Castro, the signature did not match the signature used by Castro in previous filings that he has made in connection with his criminal case. Moreover, the handwriting used in the petition was remarkably similar to the handwriting of Jeremy Pinson ("Pinson"), who had filed a letter in the underlying criminal action. In his letter, Pinson claimed that he provided evidence to the attorneys for Castro and the other criminal defendants, which the Government allegedly withheld. Lastly, the petition was mailed to Court directly from Jeremy Pinson. Pinson is presently incarcerated at a federal prison in Colorado.

As such, because it appeared that Pinson, pro se, may have filed the petition on behalf of Castro and because "a non-attorney cannot represent someone else pro se," New York ex rel. Fox v. Fed. Bureau of Prisons, 08-CV-4816 (SLT), 2008 WL 5191843, at *1 (E.D.N.Y. Dec. 5,

2

2008) (quoting United States v. Robinson, No. SA-06-MC-781-XR, 2007 WL 649010, at *3 (W.D.Tex. Mar.1, 2007)), on June 20, 2014, the Court dismissed the petition and directed the Clerk of the Court to close this case. See also Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001) ("[A]n individual may not be represented in court by another person who is not an attorney.").

Thereafter, on July 7, 2014, Pinson filed a motion for the Court to reconsider its decision to dismiss the petition. In addition, on July 28, 2014, Pinson filed a separate action, Case No. 14-CV-4931, against the United States of America in which he claimed that (1) "members and associates of the Aryan Brotherhood and Mexican Mafia began acquiring contraband in the form of tobacco at the federal supermax prison, by causing a staff member to provide such illegally" and (2) after advising this Court of the purported "illegal relationship between DOJ employees and 2 of the nation's most dangerous gangs," one of his fellow inmates revealed him as a snitch and that, as a result, the Government has been retaliating against him. (Case No. 14-CV_4931, Dkt. No. 1.) In connection with this separate action, Pinson also filed a motion to proceed in forma pauperis.

In considering Pinson's applications, the Court has learned that Pinson is no stranger to the federal courts. In fact, as another district court observed earlier this year, "Pinson has filed 44 prisoner rights lawsuits and more than 130 civil actions. The U.S. District Court, Northern District of Alabama and Southern District of Texas each previously informed Pinson that he has filed at least three cases which have been dismissed as meritless." Hobbs v. Doe, 5:13-CT-3279-D, 2014 WL 229343, at *2 (E.D.N.C. Jan. 21, 2014), appeal dismissed, 569 F. App'x 163 (4th Cir. 2014) (citing Pinson v. Reynolds, No. 2:13–CV–00428–WTL–WGH, [D.E. 5] 2 (S.D. Ind. Dec. 19, 2013) (unpublished)) (internal ellipse omitted).

3

"Section 804 of the Prison Litigation Reform Act ('PLRA'), codified at 28 U.S.C. § 1915(g), provides that a prisoner-litigant is ineligible to proceed [in forma pauperis] 'if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.'" Dillon v. City of New York, 14-CV-2733 NGG JMA, 2014 WL 4678087, at *1 (E.D.N.Y. Sept. 19, 2014) (citing PLRA § 804, 28 U.S.C. § 1915(g)). Here, "Pinson has had three of more dismissals for frivolousness, maliciousness, or failure to state a claim on which relief can be granted." Pinson v. Fed. Bureau of Prisons, CIV-12-843-F, 2012 WL 3872015, at *1 and n.1 (W.D. Okla. Aug. 27, 2012), report and recommendation adopted, CIV-12-0843-F, 2012 WL 3872014 (W.D. Okla. Sept. 6, 2012), appeal dismissed (Oct. 29, 2012) (citing Pinson v. Grimes, 391 F. App'x 797, 798–99 (11th Cir. 2010) (upholding the district court's recognition of a "strike" for purposes of 28 U.S.C. § 1915(g)); Pinson v. Pineiro, No. 09–cv–244–WTH–GRJ (M.D. Fla. July 30, 2009) (unpublished op.) (imposing a "strike" for purposes of 28 U.S.C. § 1915(g)); Pinson v. Chipi, No. 09–cv–00283–WTH–GRJ (M.D. Fla. July 30, 2009) (unpublished op.) (recognizing a "strike" for purposes of 28 U.S.C. § 1915(g)); Pinson v. Chipi, No. 10–12235–B (11th Cir. Feb. 2, 2011) (unpublished op.) (dismissing an appeal on grounds that it was frivolous)).

Accordingly, with respect to Case No. 14-CV-4931, Pinson "must allege he . . . is under danger of imminent physical harm at the time the complaint is filed" in order to proceed in forma pauperis. Dillon, 2014 WL 4678087, at *1 (citing Malik v. McGinnis, 293 F.3d 559, 562–63 (2d Cir. 2002)). The Court finds that he has failed to do so. In this regard, Pinson's claims are "merely speculative or hypothetical," so that he would not qualify for the imminent danger

4

exception to § 1915(g).  See Partee v. Connolly, 08 CIV. 4007 (NRB), 2009 WL 1788375, at *3 (S.D.N.Y. June 23, 2009) (citing Jackson v. Fischer, No. 07 Civ. 1279(TJM), 2009 WL 396424, at *3 (N.D.N.Y. Feb.17, 2009)).  As such, his motion to proceed in forma pauperis is denied and his case is dismissed without prejudice.

In any event, even were the Court to consider Pinson's in forma pauperis Complaint, the Court would find it to be frivolous.  "An action is frivolous when the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy.  A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Morse v. Network of Al-Queda Attorneys, 12-CV-1102 (JFB)(WDW), 2012 WL 1155821, at *5 (E.D.N.Y. Apr. 5, 2012) (citations and internal alterations omitted).  In the Court's view, Case No. 14-CV-4931 represents such a case.

As to Pinson's motion asking the Court to reconsider its decision in Case No. 14-CV-3678, the Court finds the motion to be without merit.  None of Pinson's arguments can overcome the long-recognized rule that "an individual may not be represented in court by another person who is not an attorney."  Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001). Pinson is not an attorney, nor is there any evidence before the Court that even suggests Castro is aware of this petition or even knows Pinson.  Therefore, Pinson's motion for reconsideration in Case No. 14-CV-3678 is denied.

As a final matter, the Court notes that "a district court may, in its discretion, impose sanctions against litigants who abuse the judicial process."  Malcolm v. Bd. of Educ. of the Honeoye Falls–Lima Cent. Sch. Dist., 506 F. App'x 65, 69 (2d Cir. 2012) (citation and internal alterations omitted). "Pursuant to that authority, a court may prevent a litigant from filing

pleadings, motions or appeals upon a showing of extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation or a failure to comply with sanctions imposed for such conduct." Id. at *9 (citation omitted). In addition, instead of "completely foreclosing the filing of designated categories of cases," some "courts have adopted the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings." In re Martin–Trigona, 9 F.3d 226, 228–29 (2d Cir.1993); see also Malcolm, 506 F. App'x at 69–70 (finding a "leave to file" filing sanction to be a reasonable requirement).

"Before a filing sanction is imposed [ ] a litigant must be provided notice and an opportunity to be heard." Malcolm, 506 F. App'x at 69. Moreover, district courts should consider the following five factors when determining whether to grant a filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Iwachiw v. N.Y. State DMV, 396 F.3d 525, 528 (2d Cir.2005). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).

Given the Pinson's recent filings as well as his lengthy history of litigation in federal courts throughout the country, the Court has concerns that Pinson will continue to abuse the judicious process in this District. Nevertheless, because Pinson has not yet been provided notice and an opportunity to be heard, at this juncture, the Court declines to impose a filing injunction

on Pinson. However, the Court advises Pinson that should he continue to make frivolous filings, the Court may impose a filing injunction as outlined above.

In sum, the Court (1) in Case No. 14-CV-3678, denies Pinson's motion for reconsideration of the Court's June 20, 2014 Order dismissing the habeas petition and closing the case; (2) in Case No. 14-CV-4931, denies Pinson's motion for leave to proceed in forma pauperis and dismisses the Complaint without prejudice; and (3) advises Pinson that should he continue to make frivolous filings in the Eastern District of New York, the Court may impose a filing injunction. The Clerk of the Court is directed to close Case No. 14-4931.

**SO ORDERED.**
Dated: Central Islip, New York
October 3, 2014

_/s/ Arthur D. Spatt_
ARTHUR D. SPATT
United States District Judge